Edward J. Danziger v. Commissioner.
Danziger v. Commissioner
Docket No. 33298.
United States Tax Court
1952 Tax Ct. Memo LEXIS 73; 11 T.C.M. (CCH) 997; T.C.M. (RIA) 52293; October 3, 1952
Edward J. Danziger, pro se. Robert R. Blasi, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The correctness of the Commissioner's determination of a $1,024.93 deficiency in income tax turns upon whether petitioner is entitled to a deduction under Section 23 (e) (3) of the Internal Revenue Code for an alleged loss resulting from damages to certain antique chinaware shipped from South America to the United States. Petitioner is a resident of New York City. In 1946 he was in Brazil, and, upon his departure *74 from that country, shipped certain luggage and crates of personal property to the United States via the Moore-McCormack Steamship Lines. The bill of lading covering the goods shipped states a value of 50,000 cruzeiros in Brazilian money, or approximately $3,000 for the entire shipment. During transit, several of his trunks were broken into and part of their contents stolen. Several of the crates contained a service of 133 pieces of antique chinaware. The crates had been pried open with a crowbar or similar instrument; none of the pieces of chinaware was stolen, but 33 of them were broken. An official of the Moore-McCormack Steamship Lines informed petitioner that there had been quite a few thefts during the voyage. In 1946 petitioner filed a claim against the steamship company for the loss sustained. His claim related to the entire loss; he valued the items other than the chinaware at $4,044, and the chinaware he listed as "priceless". He recovered $750 from the steamship company on his entire claim. Petitioner received the set of chinaware in question as a gift from his wife's grandmother, who received it as a gift from her husband, who, in turn, had received it as a gift from *75 an Indian maharajah. Petitioner has since been divorced from his wife, and, pursuant to a property settlement agreement, the set of chinaware in its incomplete or damaged condition was given to her. In his income tax return for 1946 petitioner claimed a deduction in the amount of $3,650 as a loss by theft, which respondent disallowed. In his petition in this Court, petitioner asserts that respondent erred "in disallowing as a deduction * * * the sum of $6,000, representing actual loss to the taxpayer as a result of breakage of antique chinaware while being shipped from Rio de Janeiro to New York * * *". Petitioner rests his case presumably upon Section 23 (e) (3), which allows a deduction for "losses sustained during the taxable year and not compensated for by insurance or otherwise - * * * (3) of property * * * if the loss arises from fires, storms, shipwreck, or other casualty, or from theft. * * *" However, Section 23 (i), applicable to losses under Section 23 (e), provides that the basis for determining the amount of the deduction shall be the adjusted basis provided in Section 113 (b) for determining the loss from the sale or other disposition of property. Section 113 (b) *76 provides that the adjusted basis for determining the gain or loss from the sale or other disposition of property shall be the basis determined under Section 113 (a), with certain adjustments not here material. Section 113 (a) provides that the basis of property shall be the cost of such property, with certain exceptions. One of the exceptions contained in subsection (2) of Section 113 (a) provides, $ inter alia, that in the case of gifts made after December 31, 1920, the basis for determining loss is the cost or other basis in the hands of the donor (or last preceding owner who did not acquire the property by gift) or the fair market value of the property at the time of the gift, whichever is the lesser. Under the provisions of this subsection the burden was on the petitioner to prove not only the cost of the chinaware in the hands of his donor or the last preceding owner by whom it was not acquired by gift, but also its fair market value at the time of the gift. We think that petitioner has not discharged that burden. Petitioner's only evidence as to value at the time of gift to him was merely a general statement that he though the set of chinaware was worth between $5,000 and $8,000, *77 that he attempted to have, or in fact had the chinaware insured for shipment, and that the insurance company placed a value of $6,000 on it. Yet, the bill of lading placed a value of only about $3,000 on the entire shipment, which included a mink coat and considerable other property in addition to the chinaware. In view of the bill of lading which was introduced in evidence, we cannot give much weight to the general statements of value made by petitioner. Furthermore, the record is devoid of any evidence with respect to the cost of the chinaware to petitioner's donor or to the last preceding owner by whom it was not acquired by gift. The testimony shows merely a chain of gifts extending back to an Indian maharajah, but does not show the time when the Indian maharajah made the gift, or how much he paid for the chinaware, or whether he, in turn, had received it as a gift. In the settlement of his claim against the Moore-McCormack Steamship Lines, petitioner received $750 for loss applicable to the entire shipment. His testimony that he received only $750 by reason of limitation of liability upon the carrier is contradicted by the testimony of an official of Moore-McCormack. In the *78 present state of the record, we cannot say that he was not "compensated" within the meaning of Section 23(e) for such loss as would be attributable to the basis applicable to the chinaware. The burden was on him to show otherwise, and we think that burden has not been discharged. Cf. Burnet v. Houston, 283 U.S. 223; Maie Kimball Mapes, 1 B.T.A. 855; Eric H. Heckett, 8 T.C. 841; H. W. Wahlert, 17 T.C. 655. Moreover, there is a serious question whether, even if petitioner had carried his burden of proof, the loss would be deductible under Section 23 (e) (3). The chinaware in question was not stolen. Whether the damage to the 33 pieces was a loss which "arises from * * * theft" seems at best questionable. Certainly, the loss could not fall within any of the other categories set forth in Section 23 (e) (3). However, we need not decide this question, since it is plain to us that petitioner has failed to discharge his burden of proof. Decision will be entered for the respondent.